Burke, J. (dissenting).
We dissent and vote to reverse. The legislation is an unreasonable exercise of the police power and deprives appellants of the equal protection of the law guaranteed by the Constitution of the State of New York and the Constitution of the United States.
The fact that the changes to true valuations reflected by the new 1961 rates would have an impact upon the maximum rents may have political significance, but under the Constitution the *479 regulation of our citizens’ private property through the police power must be reasonable not merely politic.
Residential rent controls are only constitutionally valid when they provide for fair rents. In this way the tenant and the landlord are both protected. Hence, mandating the fixation of rents on an equalization rate which has been discarded and discredited because it produced spurious valuations cannot be found to be just.
The protection of the public against rent increases justified by the true valuation does not constitute a valid legislative purpose unless there is a rational basis for the legislative choice. Here the use of the 1954 equalization rates is an anachronism. The Legislature knew when it passed the legislation that the State Board of Equalization and Assessment had decided that the 1954 equalization rates were archaic. Under the circumstances the adoption of an obsolete standard of value cannot be deemed to be a reasonable means of providing for just rents. It does indicate, however, that there is no rational basis for the legislation. No one has seriously suggested that the use of the 1954 rates produces even an approximately correct valuation. To apply them to 1961 and 1962 assessed valuations is manifestly absurd. There is no relationship between the State equalization ratio of 1954 and the current assessment. Consequently, it does not provide any reflection of value from which the reasonableness of the rents could be determined. Indeed, through the employment of an equalization rate that has no current validity, it requires tenants in some communities to pay to their landlords rents producing a higher return than those paid by tenants in other communities and compels one class of landlords to accept a lower rate of return than that received by others. Since the classification is obviously unreasonable, the amendment is certainly violative of the constitutional guarantee of equal protection of the laws (see Matter of Barry Equity Corp. [Marcia Hat Co.], 276 App. Div. 685). There is, therefore, sufficient factual support for declaring that the legislation is an irrational use of the police power, arbitrary, and violative of the guarantee of equal protection of the law.
There is a marked difference between this case and cases such as Matter of Four Maple Drive Realty Corp. v. Abrams (2 A D *480 2d 753) and Matter of Baldwin Gardens v. Weaver (2 A D 2d 753), where an equalization rate of a former year was continued temporarily as a matter of adjustment. In attaining the objective of regulating rents in accordance with a fair return on value, there is, of course, room for approximation. But by deliberately rolling back these equalization rates for eight years (unless, fortuitously, the subject real property has recently been sold), the Legislature abandoned that objective by attempting to establish a formula which is not even designed to relate to current value.
Chief Judge Desmond and Judges Dye, Froessbl and Foster concur with Judge Fuld; Judge Burke dissents in an opinion in which Judge Van Voorhis concurs.
In each case: Judgment affirmed.